(67 Misc. Rep. 573.)

## KESSLER v. PETTET.

(Supreme Court, Special Term, New York County.  May, 1910.)

PLEADING (§ 239*)—AMENDMENT—COSTS.

 Code Civ. Proc. § 547, permits a motion before trial to dismiss a complaint because it does not state a cause of action. *Held*, that where defendant does not avail himself of such remedy, but moves at the trial upon a formal defect to amend which plaintiff is given leave to withdraw a juror, only costs of the motion should be imposed as a condition of granting the amendment, and not full costs.

 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626-635; Dec. Dig. § 239.*]

Action by Marie Antoinette Kessler against Isabella M. Pettet. On motion to amend complaint.  Motion granted on condition.

H. A. Heiser, for plaintiff.
W. D. Gaillard, for defendant.

WHITNEY, J.  The original complaint seems to me sufficient, although it contained an irrelevant paragraph.  At the opening of the trial, however, a motion was made to dismiss the complaint as not stating facts sufficient to constitute a cause of action.  The trial judge expressed an opinion that the complaint was bad, and the plaintiff then obtained· leave to withdraw a juror.  Defendant waives the point that the moving affidavit is made by the attorney, but insists that upon an amendment full costs of the action should be awarded, and that it should go to the foot of the general calendar—a serious matter to a plaintiff 72 years old.  At one time, as I understood the practice, the custom was to grant all costs from the time when the objection was taken, which in this case would have required the payment of trial fee and costs of motion.  Later it seems to have become settled that the costs of the action must all be awarded, although in this case that would be an altogether excessive penalty, as the mispleading can have misled nobody.

In 1908 the Legislature enacted the present section 547 of the Code of Civil Procedure, under which defendant's motion could have b made before the trial.  If it had been then made the time of sui jurors and witnesses would have been saved, and the trial court w have been attending to some other case instead of having its taken up with this merely abortive one.  In the old equity pr it was customary to award no costs to a party who was succe after expensive litigation upon a point which he might have at an early stage of the litigation.  2 Daniell, Ch. Pl. & Pr. Since the enactment of section 547, I think that the practice the granting of terms upon amendment of such purely form

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r

harmless defects should be changed, and the other party allowed no more profit than he would have made if he had moved before the trial.

Motion granted on payment of $10 costs, defendant to have the usual time to answer the amended complaint and the case to retain its place upon the general calendar.

Ordered accordingly.